FIRST NAT. BANK OF PHARR v. SAN JUAN STATE BANK. (No. 5728.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 8, 1916.)

1. BANKS AND BANKING ⬩155—PROMISE TO PAY CHECK—SUFFICIENCY OF EVIDENCE.

In an action by one bank against another to recover on a check, drawn by defendant bank's depositor, which defendant stated was good and promised to pay, evidence *held* sufficient to support the court's finding that there was an unconditional promise on defendant's part to pay the check.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 536–538; Dec. Dig. ⬩155.]

2. BANKS AND BANKING ⬩140(1)—PROMISE TO PAY CHECK—DUTY OF PROMISOR BANK.

Where a bank promised another bank to pay its depositor's check, when the check was actually presented to the promisor bank it should have been paid, and the bank was liable for its failure to pay.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 380, 394–397; Dec. Dig. ⬩140(1).]

Appeal from Hidalgo County Court; W. H. Gossage, Judge.

Suit by the San Juan State Bank against the First National Bank of Pharr. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

Kibbe, Polk & Perkins, of Brownsville, for appellant. Jno. P. Gause, of Mercedes, for appellee.

FLY, C. J. This is a suit for $295.95, instituted by appellee against appellant. A trial by the judge without a jury resulted in a judgment for appellee in the sum sued for, with interest at 6 per cent. per annum from January 1, 1915.

[1] The facts show that on October 15, 1914, J. M. Herbert, desiring to obtain money from appellee, drew his check on appellant for $295.95; that appellee at once communicated by telephone with appellant, and the latter stated that the check was good, and that appellant would pay it. Appellant, when the check was presented, about eight days after it was drawn, refused payment. Herbert had money in appellant's bank sufficient to pay the check when it was drawn. These facts are supported by the testimony of witnesses for appellee, but a witness for appellant testified that payment of the check was conditioned on appellee sending the check directly to appellant, which was not done. The check passed through the hands of two or more banks before it reached appellant.

The court found, and his finding is supported by the testimony offered by appellee, that there was an unconditional promise on the part of appellant to pay the check, and although that testimony was contradicted by testimony offered by appellant, the court exercised his right under the law to accept the testimony offered by appellee and reject that offered by appellant. The finding is amply supported, not only by the testimony of the bookkeeper, but the other facts and circumstances surrounding the transaction. The evidence of appellee fully and squarely contradicts that of appellant.

The first and second assignments of error are based on the premise that the evidence of appellant should be taken as true, contending that it was not contradicted by the testimony of appellee. The record fails to sustain the contention, and the assignments of error are overruled.

[2] The third and fourth assignments of error are overruled. The court was right when he held "that when the check was actually presented to defendant's bank it ought to have been paid." The promise had been made to pay it, and the court very properly concluded that the promisor should be compelled to make good a promise that it was seeking to breach.

The judgment is affirmed.